HATTER v. DODGE BROTHERS.

1. AUTOMOBILES—PERSONAL INJURIES—REGISTRATION—EVIDENCE OF
   OWNERSHIP.
   In an action for personal injuries caused by a collision be-
   tween plaintiff's motorcycle and an automobile, under 1
   Comp. Laws 1915, chap. 89, requiring every automobile
   driven upon a public highway to be annually registered
   by and in the name of the owner, *held*, that proof of the
   license number upon the automobile and of the person in
   whose name such distinctive number is registered as
   owner, *prima facie* identifies both vehicle and ownership.

2. SAME—MASTER AND SERVANT—ADMISSION OF DRIVER.
   Evidence that defendant's name was upon the motor
   vehicle which occasioned the injury, and the admission
   of the driver that it belonged to defendant, in whose
   employment he then was, might have warranted the in-
   ference that the relation of master and servant existed,
   in the absence of any explanation by defendant, and cast
   upon it a duty of explanation. OSTRANDER, C. J., dissenting
   on the admissibility of the admission of the driver.

3. SAME—MOTOR  VEHICLE  LAW—PRESUMPTIONS—PRIMA  FACIE
   CASE—DIRECTED VERDICT.
   A *prima facie* case having been made out by plaintiff under
   section 4825, 1 Comp. Laws 1915, declaring the owner of
   a motor vehicle liable for injury caused by its negligent
   operation unless driven without his consent or knowledge,
   and the innocence of the driver being presumed in view
   of section 15431, 3 Comp. Laws 1915, and Act No. 220,
   Pub. Acts 1917, making it a felony to take possession of
   and use a motor vehicle without authority, the court be-
   low was in error in directing a verdict for defendant.

Error to Wayne; Webster, J.  Submitted April 10,
1918.  (Docket No. 54.)  Decided June 3, 1918.  Re-
hearing denied January 31, 1919.

Case by Harvey Hatter against Dodge Brothers for
personal injuries.  Judgment for defendant on a di-
rected verdict.  Plaintiff brings error.  Reversed.

See notes in 23 L. R. A. (N. S.) 561; 25 L. R. A. (N. S.) 734;
35 L. R. A. (N. S.) 699; 41 L. R. A. (N. S.) 307; 45 L. R. A.
(N. S.) 699; 52 L. R. A. (N. S.) 801; L. R. A. 1915D, 628; L. R.
A. 1918A, 918.

*Dwyer & Dwyer* and *James A. Murtha,* for appellant.

*Frederick J. Ward,* for appellee.

STEERE, J. On the afternoon of August 30, 1916, plaintiff sustained serious personal injuries in a collision at the intersection of Beaubien street and Medbury avenue, in the city of Detroit, between a motorcycle he was riding and an automobile claimed to have been owned by defendant, and this action was brought to recover damages therefor. At the conclusion of plaintiff's testimony the trial court granted defendant's motion for a directed verdict in its favor, holding that plaintiff had failed to make out a *prima facie* case against defendant.

Beaubien street runs north and south with a single street car track along its center. Plaintiff was riding his motorcycle north, near the curb on the right side of Beaubien street in the direction he was going. The automobile which struck him was being driven south on the opposite side of the street and car track from him, which was the proper side of the street for the direction it was going, and had it kept on its course they would have safely passed each other near the intersection of Medbury avenue, but without previous notice or warning, as plaintiff's evidence showed, the automobile, which was running at excessive speed, suddenly turned east to take Medbury avenue, cutting at a sharp diagonal across the intersection of the two streets, instead of keeping to the right of the center as it turned, violently colliding with his motorcycle and seriously injuring him. As it turned plaintiff shouted loudly and made strenuous effort to avoid the collision, as then did the automobile driver also, but unsuccessfully.

There were several witnesses to the accident who

testified in detail to the circumstances and cause. Plaintiff's evidence as it stood when he rested clearly showed him free from any contributory negligence, and the collision solely attributable to the carelessness of the auto driver, who was apparently paying more attention to some girls on the sidewalk than to his driving and grossly violated the law of the road by making a sudden diagonal cut across the corner when turning down Medbury avenue. He stated when he got down from his vehicle after the collision "I did not see him." He helped to pick plaintiff up and take him home, and shortly after the accident said that he was in the employ of defendant who owned the automobile he was driving, which bore the name of "Dodge Brothers" painted on each side in gold letters, was what is called a pick-up wagon or semi-truck of the kind customarily used by manufacturers, and the license number on it was 5048M, or M5048 as one witness stated. It was shown that only automobile manufacturers are assigned a license number followed by the letter M, that in 1916 license 5048M was issued by the secretary of State to Dodge Brothers and that for such a license the manufacturer could obtain as many license plates of his number as he paid for.

No question was raised in the trial court or here but that plaintiff had proven actionable negligence on the part of the driver of the automobile; but it was and is urged that plaintiff failed to show the vehicle belonged to defendant, that it was being operated in its business by its servant or employee, or that it was used with the knowledge or consent of the owner, which were essential facts to establish defendant's liability.

In directing a verdict for defendant the trial court found there was "a scintilla of proof as to the ownership which could go to the jury," and said, "but, even if you prove the ownership, even if you prove that this man who drove the car was the servant of Dodge

Brothers, then there is no proof that he, at the time he was driving the car, was about his master's business, * * * and if there is no proof, then we cannot hold Dodge Brothers for the accident."

There was more than a scintilla of evidence of ownership to go to the jury. The statute upon the subject of motor vehicles (chap. 89, 1 Comp. Laws 1915), requires every automobile driven upon a "public highway" to be annually registered by and in the name of the owner with the secretary of State who must assign to it a distinctive number and furnish to the owner, who has paid the license fee and complied with the law, a number plate which must be carried and conspicuously displayed on the vehicle it identifies when the same is in use. Penalties are provided for violation of this legislation which is regulatory in its nature and an exercise of the police power of the State. The manifest intent of many of its provisions, such as registration in the name of the owner with detailed description, assignment of a distinctive license number, issuance of an official number plate of special design which must be conspicuously displayed upon the motor vehicles when driven upon a highway, etc., is for identification of the vehicle and its owner. Proof of the license number upon an automobile being driven upon a highway and of the person in whose name such distinctive number is registered as owner, *prima facie* identifies both vehicle and ownership.

In the instant case the name of Dodge Brothers was on the motor vehicle which occasioned the injury and the driver admitted shortly after the accident that it belonged to Dodge Brothers in whose employ he then was. The significance of such evidence and duty it imposes upon a defendant of whom such facts are shown, is commented on in *Burns* v. *Paint Co.*, 152 Mich. 613, as follows:

"In the absence of any explanation, this circumstance and this statement might have warranted the inference that the relation of master and servant existed. * * * It may be said that the circumstance and admission of Boyseau cast upon defendant a duty of explanation."

Aside from this, as the law now stands, it is not a prerequisite for recovery to prove that the motor vehicle causing an injury was being operated in the business of the owner, for his use and enjoyment, or by his servant or employee. Section 29 of Act No. 302, Pub. Acts 1915 (1 Comp. Laws 1915, § 4825), provides in part:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle, whether such negligence consists in violation of the provisions of the statutes of this State or in the failure to observe such ordinary care in such operation as the rules of the common law require: *Provided,* That the owner shall not be liable unless said motor vehicle is being driven by the express or implied consent or knowledge of such owner."

The section further provides that if the vehicle causing the injury was driven by an immediate member of the owner's family "it shall be conclusively presumed" that it was with his consent or knowledge.

This section was recently under consideration and sustained as valid legislation well within the police power of the State in *Stapleton* v. *Brewing Co.,* 198 Mich. 170, where it was held the owner of a motor vehicle was liable for an injury resulting from its negligent operation while being driven in the business of another company to whom it had been loaned, by an employee of the borrower between whom and the owner no relation of master and servant existed and who was not under the owner's direction or control, nor in any particular engaged in the owner's business.

This act takes special cognizance of recognized rules of evidence upon implications and presumptions arising from proven facts as proper and legitimate in establishing the responsibility of the owner of an automobile for injuries resulting from its negligent operation by another. It recognizes the difficulty to the injured party of securing direct proof in an automobile accident that the use by another is authorized by the owner and makes plain that fact may be presumptively or impliedly shown by proven facts from which it can be reasonably inferred. The permissible presumptions arising from proven facts are either conclusive, or disputable and open to rebuttal. If the automobile was being driven by specified relatives or immediate members of the owner's family the presumption that its use was authorized by him is made conclusive by the statute. It is an intendment of the law which he may not deny or contravene by other evidence, direct or indirect.

In the absence of such statutory qualification the possession, use and control of an automobile in a public place fairly gives rise to the inference that the person so in control is the owner of such property or in lawful possession of it with the express or implied consent of the owner. By statute it is made a felony to take possession of and use a motor vehicle without authority (3 Comp. Laws 1915, § 15431; Act No. 220, Pub. Acts 1917), and the presumption of innocence, in the absence of proof to the contrary, attends the driver. Unexplained and undisputed, the reasonable inference of consent by the owner and authority of the driver is such as common sense and common experience usually draws and applies to the possession of those driving automobiles along our highways. A *prima facie* case was made out by plaintiff's evidence, putting defendant to its proofs.

The judgment is reversed, with costs, and a new trial granted.

BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with STEERE, J.

OSTRANDER, C. J.   Result upon the statute is right. Driver's admission was incompetent and should not have been received. ·