ROHRER *v.* SCHREIBER.

FERGUSON *v.* SAME.

1. NEGLIGENCE — HIGHWAYS AND STREETS — CONTRIBUTORY NEGLIGENCE—SAFETY ZONE—AUTOMOBILES.

> Persons intending to board a street car must exercise due care in reaching the safety zone, but once there they have a right to deem themselves secure from the dangers incident to motor traffic unless danger is apparent, when they must exercise reasonable care to avoid it, but failure

On liability of owner of automobile where it is being used by a member of owner's family, see notes in 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59; L. R. A. 1916F, 223; L. R. A. 1917F, 365; L. R. A. 1918F, 297; 5 A. L. R. 226; 10 A. L. R. 1449; 14 A. L. R. 1087; 19 A. L. R. 387; 20 A. L. R. 1469; 23 A. L. R. 620.

The discretion of court as to view by jury is discussed in note in 42 L. R. A. 372.

to watch for approaching vehicles while there does not constitute negligence as a matter of law.

2. SAME—MOTOR VEHICLE LAW—LIABILITY. OF OWNER.

Under 1 Comp. Laws 1915, § 4825, where a father bought an automobile and turned it over to the son to be used as he saw fit, the father was liable for the son's negligence in using the car for his own pleasure.

3. EVIDENCE—EXHIBITING INJURED PART OF BODY—DISCRETION OF COURT.

In an action for personal injuries, permitting plaintiff to exhibit to the jury a part of his body which was injured is within the discretion of the court.

4. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW.

Where no objection was raised at the trial to plaintiff's exhibiting the injured part of his body, objection thereto for the first time in this court will not be considered.

Error to Wayne; Brown (William B.), J., presiding. Submitted April 26, 1923. (Docket No. 93.) Decided June 4, 1923.

Case by James Raymond Rohrer and Glen M. Ferguson against Mooney Schreiber and another for personal injuries. Judgments for plaintiffs. Defendants bring error. Affirmed.

*Frederick J. Ward,* for appellants.

*Kerr, Lacey & Scroggie,* for appellees.

SHARPE, J.    These cases were tried together and resulted in a verdict and judgment for Rohrer of $1,000 and for Ferguson of $700 against both defendants.    Review is here sought by writ of error.

Plaintiffs testified that they had walked westerly on Medbury avenue in Detroit to Woodward; that, intending to board a south-bound street car, they crossed the tracks on Woodward and were standing in what was marked off as a safety zone when they

were struck and injured by a Ford car driven by the defendant Sampson Schreiber, but · owned by his father, the defendant Mooney Schreiber. The defendant Sampson Schreiber testified:

"It was raining at the time, quite foggy and miserable out. * * * There was not very many machines out that night and I did not see any machines. * * * I would say I was going about twelve miles an hour. * * * When I first saw these men, I applied the brakes immediately, stopped the car and got right out. From the time I applied. my brakes until I stopped, I went approximately two or three feet."

He and the others in the car testified that the plaintiffs stepped off the curb directly in front of the car. This disputed question of fact was submitted to the jury in instructions of which no complaint is made.

1. It is insisted that defendants' motion for a directed verdict for the reason that plaintiffs were guilty of contributory negligence should have been granted. The driver of the car was familiar with the surroundings, knew that a safety zone was there marked off and the use to which it was put by persons intending to board a street car. He testified that by the lights on the car he could see from 40 to 50 feet in advance of it. Plaintiffs testified that there were lights on both sides of the street and an arc light about 18 feet from where they stood. They admitted that they were not watching for cars and did not see defendants' car until it struck them.

The purpose of marking out such zones is to provide a place of safety in which persons intending to board a street car may stand while awaiting the approach of a car. In reaching it, they must exercise due care. But when in it they have a right to deem themselves secure from the danger incident to motor vehicle traffic. If, however, danger be apparent, they

must exercise reasonable care to avoid it.   We are unwilling to say as a matter of law that a person standing in such a place must be watchful of approaching vehicles in order to relieve himself of a charge of negligence if struck by one.   Whether plaintiffs, under the circumstances, were guilty of negligence was a question for the jury.

The following from *Metcalf* v. *Laundry & Dye Co.,* 215 Mich. 601, 609, is instructive:

"It was conceded by plaintiff that the place where the injury occurred was not in the business district. The driver of the truck was familiar with the safety stop before the intersection of the streets involved. The plaintiff claims, and we think correctly, that the law did not require him to continually look to the west and that after he entered what may be termed the safety zone, or the 6-foot limit, he had a right to assume that he would not be injured while standing there, and that the driver of the truck would not violate the traffic ordinance."

2. The car was owned by the defendant Mooney Schreiber.   Sampson testified:

"The car that I was driving this night was assigned to me for my own personal use and business.   It belonged to my father and I was in business with him at that time.   That evening I was up to a little gathering at my brother's fiancee's house given in honor of my brother.   He was leaving for the Marines in a few days.   At the time this accident happened, I was going down Woodward avenue taking Miss Goldberg home.   She is a cousin of mine.   She was at the party.   *   *   *

"*Q*. Now, on this night in question were you using this car in your father's business or for your own pleasure?

"*A*. For my own pleasure.   *   *   *

"*Q*. What time ordinarily would you leave your father's business?

"*A*. Five o'clock.

"*Q.* And from then on your time was your own?
"*A.* Absolutely.
"*Q.* And you used the car as you saw' fit?
"*A.* Yes, sir. * * *
"*Q.* How did you happen to use the car at any time?
"*A.* The car was purchased for me to use.
"*Q.* But it was your father's car and turned over to you by him for you to use?
"*A.* As I pleased, yes."

The liability of the father as owner of the car is predicated on that part of section 4825, 1 Comp. Laws 1915, which reads:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle, whether such negligence consists in violation of the provisions of the statutes of this State or in the failure to observe such ordinary care in such operation as the rules of the common law require: *Provided,* That the owner shall not be liable unless said motor vehicle is being driven by the express or implied consent or knowledge of such owner."

The father was not called as a witness. The testimony of the son fully justified a finding of liability on the part of the father under the construction placed upon this provision of the statute in *Hatter* v. *Dodge Brothers,* 202 Mich. 97.

3. Error is assigned on the court's permitting the plaintiff Rohrer to exhibit to the jury a part of his body which had sustained an injury. No objection was made on the trial to this being done. A ruling would have necessitated an exercise of discretion on the part of the trial court. No ruling having been asked for or made, we decline to now consider it.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.