## REIN *v.* SKLAR.

1. WITNESSES—IMPEACHMENT—EVIDENCE—IDENTIFICATION.

A slip of paper containing one number on one side and another on the other, offered in evidence for the purpose of discrediting a witness who had testified that a truck injuring plaintiff had carried a certain license number, was properly excluded where no one identified it as ever having been in the possession of said witness.[1]

2. NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

Whether defendants are the owners of the truck which injured plaintiff, *held*, under conflicting evidence, a question for the jury.[2]

3. APPEAL AND ERROR—NEW TRIAL—WEIGHT OF EVIDENCE NOT OPEN FOR REVIEW.

Where there was no motion for a new trial, the question of the weight of the evidence may not be considered on review.[3]

Error to Wayne; Marschner (Adolph F.), J. Submitted January 6, 1925. (Docket No. 22.) Decided April 3, 1925.

Case by Clarence Rein, an infant, by his next friend, against Michael Sklar and Samuel Varkle, copartners as Sklar & Varkle, for personal injuries. Judgment for plaintiff. Defendants bring error. Affirmed.

*Oxtoby, Robison & Hull* (*Lawrence E. Brown*, of counsel), for appellants.

*Harry C. Milligan*, for appellee.

MOORE, J. Plaintiff was injured while a passenger on a street car on Gratiot avenue in the city of Detroit. He was sitting by an open window with his

[1]Witnesses, 40 Cyc. p. 2747; [2]Motor Vehicles, 28 Cyc. p. 48; [3]Appeal and Error, 3 C. J. § 906.

left arm resting on the ledge of the window. A motor truck passed so close to the street car that it came in contact with it and scraped the side of the street car. Some portion of the truck hit plaintiff's arm and caused the injury. It was claimed by the plaintiff that defendants were the owners of the truck. The defendants claimed their truck was not on the street that day. Defendants asked for a directed verdict. This was denied. The case was submitted to the jury who returned a verdict in favor of the plaintiff in the sum of $3,500. The case is in this court by writ of error.

The plaintiff produced a witness who gave testimony to the effect that the truck which did the mischief had the license number 362-159. This witness was a motorman. Defendants for the purpose of impeaching him offered in evidence a slip of paper that had on one side the figures 362-159, and on the other side the figures 363-159. This paper was found in the files of the claim department of the street railway company. It was objected to as hearsay and because no one identified it as a paper that the witness had ever seen.

The following appears in the record:

"*Mr. Hull:* Now, if the court please, I offer in evidence Exhibit 4; not the entire file, but only the torn piece of paper on which the number of the truck is written, as evidence of the report made by the conductor or the motorman of the other car as to the number of the motor truck that caused the accident.

"*Mr. Milligan:* I object to it as hearsay, your honor, the admission of this report is hearsay.

"*The Court:* What is your objection, outside of the general objection?

"*Mr. Milligan:* Well, I am not ashamed to have the jury hear what it is, and I will explain my objection. There is a slip of paper in here with a license number on it on one side and a different license number on it on the other side, one of the numbers being testified to here by the witnesses I have produced. The other

number is almost identically the same, except one number is 362-159, and the back of the paper is 363-159. I have no chance of cross-examining, if this is offered in evidence here.

"*The Court:* You may cross-examine before I pass upon the objection.

"*Mr. Milligan:* You don't know who put that slip in there?

"*A.* I do not.

"*Mr. Milligan:* Nor in whose handwriting it is?

"*A.* I do not.

"*Mr. Milligan:* You don't know how it even got into the file?

"*A.* No, I don't know that."

It will be noticed that it was made to appear that these numbers were on the slip, and that the slip was in the claim department, so that, if the slip had been received in evidence, nothing more would have appeared than did in fact appear. We think, however, that the slip of paper was properly excluded because no one identified it as ever having been in the possession of the witness whose testimony it was sought to discredit by the production of the slip of paper.

The important question is whether there should have been a directed verdict as claimed by the defendants.

Counsel say, we quote from the brief:

"The question involved is simply this: Did the plaintiff by showing ownership of the truck which caused the accident make out a case for the jury, in the face of direct, positive and uncontradicted testimony introduced by the defendants that the motor truck was not being operated by the defendants, their agents or employees at the time the accident occurred? * * *

"The case of *Union Trust Co.* v. *American Commercial Car Co.*, 219 Mich. 557, is exactly in point. * * *

"We submit the case of *Union Trust Co.* v. *American Commercial Car Co.*, *supra*, is decisive of the present case, and that it is fundamentally sound. The proposition that inferences or presumptions have no force or effect when direct, positive and uncontradicted testi-

mony is given and should not be submitted to a jury is the law in this State and is fully supported by authorities.    See *Baker* v. *Delano*, 191 Mich. 204; *Gillett* v. *Traction Co.*, 205 Mich. 410; *In re Cochrane's Estate*, 211 Mich. 370; *Depue* v. *Schwartz*, 222 Mich. 308."

We think the counsel are wrong as to what question is involved in this case.    It is admitted by the defendants that they are the owners of a stake body truck which bore license number 362-159, but they insist that this truck was not on the street when this accident happened.    While on the part of the plaintiff testimony was offered to the effect that a stake body truck bearing the license number 362-159 was the truck that did the mischief.    This presented a question of fact for the jury which was properly submitted to them.

The following cases may have some bearing upon the question involved: *Hatter* v. *Dodge Bros.*, 202 Mich. 97; *Wald* v. *Packard Motor Car Co.*, 204 Mich. 147; *Jones* v. *Transfer Co.*, 218 Mich. 673; *Rohrer* v. *Schreiber*, 223 Mich. 355; *Pratt* v. *Transfer Co.*, 225 Mich. 147.

There was no motion for a new trial and the question of the weight of the evidence is not before us.

The judgment is affirmed, with costs to the appellee.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.