DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE
v. HALSEY.

1. AUTOMOBILES—NEGLIGENT OPERATION—OWNER'S LIABILITY.
   An automobile owner must consent to or know of the operation
   of his automobile by another before he can be held responsible
   under civil liability statute for damage caused by the negli-
   gent operation of that automobile (CLS 1961, § 257.401).

2. SAME—OWNER'S LIABILITY—EVIDENCE—PRESUMPTION.
   Trial court could properly infer, from the fact that no com-
   plaint of a car's theft had been made prior to an accident in
   which the car was involved and from the fact that the driver
   fled from the scene of the accident, that the car was lawfully
   in the possession of the driver with the express or implied
   consent of the owner; therefore a motion by the car owner
   to dismiss a damage action at close of plaintiff's proofs which
   showed this much was properly denied.

Appeal from Common Pleas Court of Detroit,
Szymanski (Henry J.), J.    Submitted Division 1
May 17, 1968, at Detroit.    (Docket Nos. 3,515, 3,516,
3,517.)    Decided September 4, 1968.    Leave to appeal
denied December 12, 1968.    381 Mich 793.

Declaration by Detroit Automobile Inter-Insur-
ance Exchange, subrogee of Victor Walkow, against

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 571–614.
Validity, construction, and effect of statutes which make owner
responsible, or create a lien, for injury or damage inflicted
by another operating an automobile.    4 ALR 361.
What constitutes "operation" or "negligence in operation" within
statute making owner of motor vehicle liable for negligence
in its operation.    13 ALR2d 378.

James W. Halsey and John Paul; by Detroit Automobile Inter-Insurance Exchange, subrogee of Marion Wranik, against James W. Halsey and John Paul; and by the City of Detroit, Department of Street Railways, a municipal corporation, against James W. Halsey; all for automobile negligence, the causes being consolidated for trial. Verdict and judgment for plaintiffs against James W. Halsey. Defendant Halsey appeals. Affirmed.

*Rouse, Selby, Webber, Dickinson & Shaw* (*Richard Haskins,* of counsel), for plaintiff Detroit Automobile Inter-Insurance Exchange.

*Calvin M. Gonek,* for defendant James W. Halsey.

Per Curiam. This appeal is taken by defendant Halsey from the denial by the trial court, sitting without a jury, of defendant's motion to dismiss, made at the close of plaintiffs' proofs (GCR 1963, 504.2), and from a finding that defendant's car was being driven with his consent when it illegally entered an intersection, and collided with a bus which in turn struck two parked cars insured by plaintiff, Detroit Automobile Inter-Insurance Exchange.

An automobile owner, to be held responsible under the civil liability act, CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101) must consent to or know of another's use of his car. At the close of plaintiffs' proofs, evidence indicated that the driver of the car had run from the scene of the accident and that no complaint of the vehicle's theft had been made by the owner at the time of the accident. From these facts the trial court could infer that the car was lawfully in the possession of the driver with the express or implied consent of the owner. *Hatter* v. *Dodge Brothers* (1918), 202 Mich 97. In view of

this, defendant Halsey's motion for dismissal at that point was properly denied.

Halsey then failed to present clear, positive and credible proofs rebutting the permissible presumption* that his car was lawfully possessed and driven with his knowledge or consent. See *Baumgartner* v. *Ham* (1965), 374 Mich 169. In addition, a review of the record convinces that sufficient evidence was elicited in the course of appellant's defense to support the trial court's finding that Halsey's son was the driver, further establishing the owner's consent. We find no reversible error.

Affirmed. Costs to appellees.

T. G. Kavanagh, P. J., and Holbrook and Beer, JJ., concurred.

---

* See *Hatter, supra*, p 102, for a discussion of the rules of evidence. Further analysis of the rule may be found in *Monaghan* v. *Pavsner* (1956), 347 Mich 511, Justice Black's opinion for affirmance and *Houseman* v. *Walt Neal, Inc.* (1962), 368 Mich 631, Justice Souris' opinion for affirmance, both opinions finding approval by a majority of the Court in *Baumgartner* v. *Ham*, (1965), 374 Mich 169.