FOUT v DIETZ

Docket No. 59755. Decided October 6, 1977. On application by defendant Michigan Mutual Auto Insurance Company for leave to appeal the Supreme Court, in lieu of granting leave to appeal, affirmed the judgment of the Court of Appeals.

Barbara Fout, administratrix of the estate of Robert Fout, deceased, brought an action for declaratory judgment on the applicable insurance coverage in an accident between an automobile and a pedestrian against Daniel Dietz, Citizens Mutual Insurance Company, Michigan Mutual Auto Insurance Company, the Secretary of State, Ronald Bredow, and Auto-Owners Insurance Company. Alpena Circuit Court, Phillip J. Glennie, J., granted judgment for defendants Michigan Mutual and Secretary of State and found that the automobile owner's consent to operation of the vehicle was presumed by statute and that the proofs presented were not sufficient to rebut the presumption. The Court of Appeals, R. B. Burns, P. J., and Bashara and Quinn, JJ., reversed (Docket No. 28087, 28207). Defendant Michigan Mutual applies for leave to appeal. *Held:*

The operation of a motor vehicle by a person who is not a member of the owner's family gives rise to a rebuttable common-law presumption that the operator was driving it with the express or implied consent of the owner. The decision of the Court of Appeals incorrectly concludes that there is an inference to that effect rather than a rebuttable presumption and that permission must be established by the plaintiff. The testimony adduced below clearly rebutted the common-law presumption that the vehicle was being operated with the express or implied consent of the owner at the time of the accident. The judgment of the Court of Appeals is affirmed.

75 Mich App 128; 254 NW2d 813 (1977) affirmed in part.

*Gillett & Carpenter* for defendant Citizens Mutual Insurance Company.

*Murchie, Calcutt & Sondee* for defendant Michigan Mutual Auto Insurance Company.

*Dreyer & Braeuninger* (by *Steve R. DuBois)* for defendants Bredow and Auto-Owners Insurance Company.

Per Curiam. This is a declaratory judgment action brought by the plaintiff seeking a judgment to the effect that neither defendant Citizens Mutual Insurance Company of America nor defendant Auto-Owners Insurance Company provided coverage for an auto accident which caused the death of plaintiff's husband. Plaintiff sought judgment to require her insurance company (defendant Michigan Mutual Auto Insurance Company) to submit to arbitration, pursuant to the uninsured motorist coverage provisions of that company's policy of insurance. Finally, plaintiff also sought judgment against the defendant Secretary of State for excess coverage because the accident allegedly resulted from the operation of an uninsured motor vehicle.

The primary issue in this matter is whether the owner of the automobile which struck and killed plaintiff's decedent had given his consent to the operation of the vehicle to defendant Daniel Dietz. The trial court found that consent could be implied from the statutory presumption contained in MCLA 257.401; MSA 9.2101.[1] The trial court fur-

[1] The statute reads as follows:

"Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family: Provided, however, That no

ther found that the facts as adduced below were not sufficient to rebut the statutory presumption.

The Court of Appeals reversed. 75 Mich App 128; 254 NW2d 813 (1977). The salient facts are adequately set forth in the Court of Appeals opinion. We adopt them by reference. We now, in lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), affirm the Court of Appeals judgment, but address one aspect of that Court's opinion. The Court of Appeals concluded that:

"there is no initial presumption that one who is driving an auto and is not a member of the family does so with the express or implied consent of the owner. There is an inference to that effect. Permission for an out-of-the-family driver to use a vehicle must be established by the plaintiff. Thereafter, whatever occurs as a result of the use of the vehicle, a presumption exists that the driver is operating with the express or implied consent of the owner." 75 Mich App 128, 134.

This conclusion is wrong.

The operation of a motor vehicle by one who is not a member of the family of the owner[2] gives rise to a rebuttable common-law presumption that the operator was driving the vehicle with the express or implied consent of the owner. *Hatter v Dodge Brothers,* 202 Mich 97; 167 NW 935 (1918); *Monaghan v Pavsner,* 347 Mich 511, 518; 80 NW2d 218 (1956) (BLACK, J., for affirmance); *Houseman v*

---

person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

[2] There is no statutory presumption of consent where the operator of the vehicle is a non-family member. *See Cowan v Strecker,* 394 Mich 110; 229 NW2d 302 (1975).

*Walt Neal, Inc,* 368 Mich 631; 118 NW2d 964 (1962) (SOURIS, J., for affirmance); *Baumgartner v Ham,* 374 Mich 169; 132 NW2d 159 (1965).

The Court of Appeals emphasized the language in *Hatter v Dodge Brothers, supra,* which indicated that the use of an automobile gives rise to an inference that the person so using it is either the owner of the vehicle or is in possession of it with the express or implied consent of the owner. However, this Court in *Hatter,* just prior to the language so emphasized, took note of the fact that the statute as then constituted provided that the use of an automobile by a member of the owner's family resulted in a conclusive presumption that it was being used with the consent of the owner. The Court then distinguished the conclusive presumption from other presumptions which are "disputable and open to rebuttal". 202 Mich 97, 102. The Legislature eliminated the word "conclusively" in 1927 PA 56. Subsequent case law, cited *supra,* makes it clear that this Court in *Hatter* had provided for a "rebuttable presumption" in situations such as the instant one. In this Court's more recent decisions in *Roberts v Posey,* 386 Mich 656; 194 NW2d 310 (1972), and in *Cowan v Strecker,* 394 Mich 110; 229 NW2d 302 (1975), the owner had initially given consent to the operation of his motor vehicle by others and then had subsequently sought, unsuccessfully, to place restrictions on that operation. That is not the case here.

We agree with the Court of Appeals analysis of the testimony and with that Court's conclusions as drawn from the facts extant in this particular case that the testimony adduced below clearly rebutted the common-law presumption that the vehicle in question was being operated with the express or implied consent of the owner at the time of the

fatal accident. The trial court clearly erred in concluding that the automobile in question was driven by defendant Dietz with the consent of the owner (defendant Bedrow). GCR 1963, 517.1; *Tuttle v Department of State Highways,* 397 Mich 44; 243 NW2d 244 (1976). Accordingly, the Court of Appeals reached the correct result, and we affirm.

Costs to appellees.