CARADONNA v ARPINO

Docket Nos. 96646, 98278. Submitted December 22, 1988, at Detroit. Decided June 7, 1989. Leave to appeal applied for.

Alfio and Frances Caradonna brought an action in Wayne Circuit Court seeking damages from Kenneth James Arpino and Jerry Krygiell, jointly and severally, for injuries sustained by Alfio Caradonna (hereafter plaintiff) when his automobile was struck by an automobile owned by Krygiell (hereafter defendant) and operated by Arpino. In a pretrial ruling the court, James E. Mies, J., determined that defendant had impliedly consented to Arpino's use of the automobile and that defendant, therefore, could be held liable for plaintiff's injury pursuant to the automobile owners' liability statute. Following trial, however, the jury returned a verdict of no cause of action, finding that plaintiff had not sustained a serious impairment of bodily function so as to enable him to recover damages. The trial court, Denise Page Hood, J., entered a judgment consistent with the verdict. Plaintiffs appealed as of right and defendant cross appealed by leave granted from the trial court's ruling regarding liability under the automobile owners' liability statute.

The Court of Appeals held:

1. The automobile owners' liability statute, MCL 257.401; MSA 9.2101, provides in part that an owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the vehicle where the vehicle is being driven by another with the owner's express or implied consent or knowledge. Operation of the vehicle by a person who is not a member of the owner's family gives rise to a rebuttable common-law presumption that the operator was driving the vehicle with the express or implied consent of the owner. In this case, that presumption was effectively rebutted by a showing that Ken-

References

Am Jur 2d, Automobiles and Highway Traffic §§ 641 et seq.

Propriety of allowing person injured in motor vehicle accident to proceed against vehicle owner under theory of negligent entrustment where owner admits liability under another theory of recovery. 30 ALR4th 838.

neth Arpino did not have permission to operate defendant's vehicle from either defendant or Mary Ann Arpino, to whom care of the automobile had been entrusted by defendant. The trial court therefore erred in ruling that defendant could be held liable under the automobile owners' liability statute.

2. Plaintiffs' claims of error with regard to the jury's verdict need not be addressed in light of the conclusion that defendant cannot be liable in this case.

Reversed and remanded for entry of a judgment in favor of defendant.

AUTOMOBILES — OWNERS' LIABILITY — NONFAMILY USE.

For purposes of the statute which provides that an owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the vehicle by another when the vehicle is being driven with the owner's express or implied consent or knowledge, the operation of a motor vehicle by a person who is not a member of the owner's family gives rise to a rebuttable common-law presumption that the operator was driving the vehicle with the express or implied consent of the owner (MCL 257.401; MSA 9.2101).

*Feikens, Foster, Vander Male & De Nardis, P.C. (by Ronald F. De Nardis, Gregory J. Muller* and *Joseph E. Kozely),* for plaintiffs.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster (by Charles E. Pfeffer),* and *Gromek, Bendure & Thomas (by John A. Lydick),* of Counsel, for defendant.

Before: MacKENZIE, P.J., and CYNAR and M. E. KOBZA,* JJ.

PER CURIAM. Plaintiff Alfio Caradonna was injured in an automobile accident on October 14, 1981, when his car was rear-ended by a car owned by defendant Jerry Krygiell and driven by Kenneth Arpino. In this suit for noneconomic losses under the no-fault act, defendant's liability was predicated solely on the automobile owners' liabil-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ity statute, MCL 257.401; MSA 9.2101. In a pretrial ruling, the trial court determined that as a matter of law defendant impliedly consented to Arpino's use of his vehicle, and thus could be held liable for plaintiff's noneconomic losses if proven. Following trial, however, the jury returned a verdict of no cause of action, finding that plaintiff had not sustained a serious impairment of body function. Plaintiffs appeal as of right. Defendant cross appeals by leave granted the trial court's pretrial ruling on his liability. We conclude that the trial court erred in determining that defendant could be held liable for plaintiff's injuries, if any, under the owners' liability statute. Accordingly, we do not reach plaintiffs' claims on appeal.

Due to lack of space at his own residence, defendant kept the car involved in the subject accident in the parking area of the condominium complex where his girlfriend, Mary Ann Arpino, resided. Defendant gave Ms. Arpino the keys and asked her to move the car occasionally in order to make it look like it was being driven. While defendant did not offer use of the car to Ms. Arpino, neither did he restrict her from driving it. Ms. Arpino kept the keys on a hook in her kitchen.

Kenneth Arpino, Ms. Arpino's son, came to visit Ms. Arpino from California while on leave from the Navy approximately one week prior to the accident. Kenneth was expressly told by Ms. Arpino that he was not to drive her car or defendant's car.

On the date of the accident, Kenneth took defendant's keys from the Arpino residence without permission while Ms. Arpino was working. Defendant had never given Kenneth permission to drive the car. Neither defendant nor Ms. Arpino was aware that Kenneth was driving the car until after the accident.

The owners' liability statute, MCL 257.401; MSA 9.2101, provides in relevant part:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle . . . . *The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge.* [Emphasis added.]

The operation of a motor vehicle by one who is not a member of the family of the owner, as here, gives rise to a rebuttable common-law presumption that the operator was driving the vehicle with the express or implied consent of the owner. *Fout v Dietz,* 401 Mich 403, 405; 258 NW2d 53 (1977).

In this case, the trial court determined that defendant had impliedly consented to Kenneth's use of defendant's car. The court relied on *Cowan v Strecker,* 394 Mich 110; 229 NW2d 302 (1975), and *Delaney v Barnett,* 63 Mich App 639; 234 NW2d 741 (1975), for its decision.

In *Cowan,* the defendant owner had given her car to a friend with specific instructions that no one else was to drive it. Contrary to this limitation, the friend allowed her son to drive the car without the defendant's knowledge. The plaintiff was injured in an accident while the friend's son was driving the defendant's car. The Supreme Court held that the defendant was liable for the plaintiff's injuries. The Court reasoned that when the defendant consented to her friend's driving the car, she consented to assume the risks attendant to surrender of control of the car. The fact that the owner had placed a limitation on her consent was deemed irrelevant.

*Delaney* involved similar facts. There, a car rental company leased a car to Mr. Davis pursuant

to a written agreement which prohibited allowing anyone under twenty-one years old to drive the car. Davis loaned the car to a twenty-year-old, who struck the plaintiff. This Court held that the rental company was liable for the plaintiff's injuries under the owners' liability statute. Noting that the only difference between *Delaney* and *Cowan* was that in *Delaney* the owner's attempt to limit consent was in writing, the *Delaney* panel concluded that the rental company's restricted consent was invalid under *Cowan.*

*Cowan* and *Delaney* are both factually distinguishable from the instant case. In both *Cowan* and *Delaney,* the owner gave a permittee consent to operate his car, and the permittee then gave a third party permission to drive the owner's car. In this case, unlike in *Cowan* and *Delaney,* the driver of this defendant's motor vehicle did not have permission to drive from either defendant owner *or his permittee.* The uncontradicted testimony of Ms. Arpino was that she specifically told Kenneth Arpino that he could not drive defendant's car and that he took the car contrary to her instructions and without her knowledge. Defendant's car was effectively a stolen vehicle at the time of the accident.

In *Fout v Dietz,* 75 Mich App 128; 254 NW2d 813 (1977), aff'd 401 Mich 403; 258 NW2d 53 (1977), a friend of the defendant owner took the keys from the defendant's bedroom while he slept, and subsequently had an accident with the defendant's car. The defendant had previously forbidden his friend from driving the car. In affirming this Court's conclusion that the defendant could not be held liable under the owners' liability statute, the Supreme Court held that the common-law presumption of consent of the owner to the driving of

the vehicle at the time of the accident was clearly rebutted. 401 Mich 406-407.

We are of the opinion that *Fout* controls here. Kenneth Arpino had no permission whatsoever to drive defendant's automobile, and had in fact been expressly forbidden from driving the vehicle by defendant's permittee, Ms. Arpino. The trial court apparently believed that, because Ms. Arpino kept the car keys in the kitchen, she impliedly consented to Kenneth's driving defendant's car. We cannot agree. Under that logic, persons would impliedly consent to social guests taking silverware from the dining room table or books from a living room shelf—a proposition with which no reasonable person could agree. Moreover, the court's reasoning suggests that one must affirmatively hide keys in order ever to establish nonconsent, an equally unreasonable proposition. Simply put, keeping keys in a kitchen does not imply consent to take a car, especially when one has been expressly told *not* to take a car.

As in *Fout,* we conclude in this case that, taking all the facts into consideration, the evidence adduced in the trial court clearly rebuts any inference that Kenneth Arpino used defendant's automobile with his or Ms. Arpino's express or implied consent when the vehicle was involved in the accident which injured plaintiff. As defendant did not consent, he was as a matter of law not liable for plaintiff's injuries. In light of this conclusion, we need not reach plaintiffs' claims of error relating to the jury's verdict.

Reversed and remanded for entry of judgment in favor of defendant. We do not retain jurisdiction.