Linda Faye WISE, Plaintiff/Appellant,

v.

Keith CRUMP, Defendant/Respondent.

No. 73220.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 18, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 26, 1998.

Douglas B. Salsbury, Eureka, for plaintiff/appellant.

Gerald V. Tanner, Jr., St. Louis, for defendant/respondent.

JAMES R. DOWD, Judge.

On August 8, 1993, Linda Faye Wise was driving west on Highway 70. Cathleen Wright, operating an uninsured vehicle owned by Keith Crump, collided with Wise's vehicle. Wise brought suit against Wright and Crump to recover for injuries she sustained in the collision. On April 18, 1996, Wise obtained a judgment against Wright for $250,000. Wise now seeks to establish Crump's liability as the owner of the automobile.

On May 5, 1997, Crump filed a motion to dismiss for failure to state a claim upon which relief can be granted. On June 5, 1997, the trial court granted the motion and dismissed Wise's petition. As the trial court did not specify, the dismissal was without prejudice. Rule 67.03. Wise filed an amended petition against Crump alleging negligence, breach of contract, strict liability, and prima facie tort. These claims are based on Crump's failure to insure his vehicle and his permitting Wright to drive his uninsured vehicle. On June 17, 1997, Crump filed a second motion to dismiss. The trial court granted the motion and dismissed Wise's amended petition with prejudice by an order and judgment entered on September 3, 1997. Wise appeals.

■ On appeal, our review of a motion to dismiss for failure to state a claim requires that we consider the pleadings, allowing them their broadest intendment and treating all facts alleged as true, and determine whether the petition invokes substantive principles of law. *Hyatt v. Trans World Airlines, Inc.,* 943 S.W.2d 292, 295 (Mo.App. E.D.1997).

Wise contends that the trial court erred in sustaining Crump's motion to dismiss. According to Wise, the amended petition states four separate causes of action: (1) Crump acted negligently in failing to insure his vehicle; (2) Crump breached a constructive contract with the State of Missouri; (3) Crump is strictly liable for damages caused by his failure to comply with Missouri's Motor Vehicle Responsibility Act; and (4) Crump's acts or omissions give rise to a cause of action sounding in prima facie tort.

## I. Strict Liability

■ Wise contends that the Motor Vehicle Financial Responsibility Law, section 303.025 RSMo 1994, creates a private cause of action under which she can pursue claims for damages against Crump. Section 303.025 prohibits the owner of a motor vehicle from operating the vehicle or allowing another to operate the vehicle unless the owner maintains financial responsibility for the vehicle. Maintenance of financial responsibility is normally accomplished by carrying insurance. According to Wise, Crump owed a duty to the State of Missouri in general and to Wise in particular to comply with section 303.025. In Wise's view, when Crump breached this duty, he became strictly liable for the damages caused by the accident. Although the statute does not explicitly provide for a private cause of action, Wise argues that the recognition of such a cause of action by this court is necessary to effectuate the inherent public policy of this legislation.

While the statute is silent on the existence of a private cause of action,[1] it does specify that any person who violates the statute is guilty of a criminal act, namely a class C

---

1. In some states, the common law rule that the owner of a vehicle cannot be held liable for the negligent use of the vehicle by another has been altered by statute. *See, e.g., Horvath v. Lindenhurst Auto Salvage, Inc.,* 60 F.3d 120 (2d Cir. 1995); *Caradonna v. Arpino,* 177 Mich.App. 486, 442 N.W.2d 702 (1989); *Mills v. Lyon,* 240 N.W.2d 189 (Iowa 1976); *Jones v. Ayers,* 212 Cal.App.2d 646, 28 Cal.Rptr. 223 (1963). Under these statutes, the owner of a vehicle may be held liable for the negligent use of the vehicle by another if the owner gave express or implied permission to the driver. However, no such statute has been enacted in Missouri at this time.

misdemeanor.[2] When the legislature has established other means of enforcement of a statute, we will not recognize a private civil action unless such appears by clear implication to have been the legislative intent. *Johnson v. Kraft General Foods, Inc.,* 885 S.W.2d 334, 336 (Mo. banc 1994); *R.L. Nichols Ins., Inc. v. The Home Ins. Co.,* 865 S.W.2d 665, 666 (Mo. banc 1993); *Shqeir v. Equifax, Inc.,* 636 S.W.2d 944, 948 (Mo. banc 1982). Here, instead of subjecting the vehicle owner to civil liability, the General Assembly has chosen to criminalize the failure to maintain financial responsibility. On this basis, we see no clear implication of legislative intent to create a private cause of action. Point denied.

## II. Negligence in Failing to Insure Motor Vehicle

■ Wise argues that by failing to insure his vehicle Crump is liable for damages caused by Wright's operation of the vehicle. There are at least two ways that vehicle owners may be liable for negligence when they permit another driver to operate their vehicle. The first method involves application of the doctrine of respondeat superior. According to this doctrine, owners are liable for their agent's negligence while operating their vehicle if the agent was acting within the scope of the agent's authority. *Chandler v. New Moon Homes, Inc.,* 418 S.W.2d 130 (Mo. banc 1967). As Wise makes no allegation that the driver was acting as Crump's agent at the time of the collision, there is no cause of action for negligence under a theory of respondeat superior.

■ The second method is based on negligent entrustment. *See Evans v. Allen Auto Rental & Truck Leasing, Inc.,* 555 S.W.2d 325, 326 (Mo. banc 1977). Under negligent entrustment, owners are liable for their own negligence in permitting an incompetent driver to operate their vehicle if they knew or had reason to know that the driver was incompetent. *Id.* Here, both the original and the amended petition are entirely devoid of any allegation that Wright was incompetent.

Failure to plead incompetence precludes an action for negligent entrustment. Point denied.

## III. Breach of Contract

■ Wise contends that in exchange for the privilege of titling his automobile in the State of Missouri, Crump made a legally enforceable promise to maintain financial responsibility for that vehicle. According to Wise, this constructive contract was made with the State of Missouri. Under this theory, Crump's failure to provide financial responsibility for his vehicle constituted a breach of this promise. As Wise was allegedly damaged by this breach, she argues that she should be entitled to recover.

■ Wise's argument fails because the record supports no contract, constructive or otherwise, between Crump and the State of Missouri. "The most basic elements of a contract are: offer, acceptance, and consideration." *Estate of Munzert,* 887 S.W.2d 764, 768 (Mo.App. E.D.1994). Contrary to Wise's position, Crump's promise to provide financial responsibility for his vehicle fails to provide the necessary consideration for the alleged contract. A promise to do that which one is already legally obligated to do cannot serve as consideration for a contract. *City of Bellefontaine Neighbors v. J.J. Kelley Realty & Bldg. Co.,* 460 S.W.2d 298, 301 (Mo.App. 1970). Here, Crump was already legally obligated to secure financial responsibility for his vehicle. Therefore, Crump's promise to obtain insurance cannot serve as consideration. Point denied.

## IV. Prima Facie Tort

■ Wise next argues that Crump's acts or omissions give rise to a claim in prima facie tort. Prima facie tort requires an intentional lawful act intended to cause injury to another without sufficient justification. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 315 (Mo. banc 1993). In particular, Wise argues that by allowing Wright to

---

**2.** The record is silent as to whether Crump was ever prosecuted for failing to maintain financial responsibility.

drive his uninsured vehicle, Crump's act was lawful yet damaging to Wise.

Section 303.025 RSMo 1994 prohibits the owner of a vehicle from authorizing "any other person to operate the vehicle unless the owner maintains the financial responsibility as required" in that section. Crump's failure to maintain financial responsibility for his vehicle is clearly unlawful. Indeed, Wise acknowledges in his amended complaint that Crump violated the statute by failing to provide financial responsibility. This recognition effectively disposes of his claim because, as noted above, liability for prima facie tort exists only when the act causing injury was lawful. Point denied.

Crump's motion for sanctions is denied. The judgment of the trial court is affirmed.

CRANE, P.J., and RHODES RUSSELL, J., concur.