*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELVIN MEEKS,

        Plaintiff-Appellant,

v

KAELA S. HARBIN, ANTHONY LAMARR TEASLEY, ANTONIO VINCENT BUZZELLI, and BUZZELLI SALES, LLC,

        Defendants-Appellees.

UNPUBLISHED
June 09, 2026
9:27 AM

No. 377457
Oakland Circuit Court
LC No. 2024-206549-NO

Before: BAZZI, P.J., and RICK and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals as of right from an order granting him a default judgment against defendant Kaela S. Harbin. However, plaintiff's claim of error concerns an earlier order granting summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact) in favor of defendants Anthony Lamarr Teasley, Antonio Vincent Buzzelli, and Buzzelli Sales, LLC, with respect to plaintiff's claims of negligence, respondeat superior, and vicarious liability. We conclude that the trial court erred by dismissing plaintiff's negligence claim against Teasley on the ground that Pontiac Ordinance § 114-243 was inapplicable as a matter of law. But plaintiff has not established that Buzzelli or Buzzelli Sales may be held liable under the owner-liability statute, respondeat superior, or any other theory of vicarious liability. We affirm in part, reverse in part, and remand for further proceedings.

## I. FACTUAL BACKGROUND

This case arises from an incident in which Harbin struck plaintiff with a stolen work vehicle. While driving a box truck owned by Buzzelli Sales, Teasley stopped at his apartment to drop off groceries. Teasley left the truck idling and unattended. After Teasley entered his apartment building, Harbin got in the truck and drove away. When Teasley realized the truck had been taken, he flagged down a passing vehicle driven by a man he recognized as a neighbor. Teasley got into the neighbor's vehicle, and the two followed Harbin. After following Harbin for approximately a mile and a half, they saw Harbin strike plaintiff. Harbin continued driving and

later crashed the truck. Witnesses removed Harbin from the truck, and she fled on foot before being apprehended by police.

Plaintiff sued Harbin, Teasley, Buzzelli, and Buzzelli Sales. As relevant here, plaintiff alleged that Teasley was negligent by leaving the truck unattended and running with the keys inside. Plaintiff also alleged that Buzzelli and Buzzelli Sales were liable under theories of respondeat superior and vicarious liability. In the course of the proceedings, defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10). Defendants argued that Teasley did not owe plaintiff a duty because Harbin stole the truck. They also maintained that Teasley's conduct was not a proximate cause of plaintiff's injuries. Additionally, defendants argued that Buzzelli and Buzzelli Sales could not be liable under the owner-liability statute, MCL 257.401, because Harbin did not operate the truck with the owner's express or implied consent or knowledge. Finally, they argued that Buzzelli and Buzzelli Sales could not be held vicariously liable because Teasley was not acting within the scope of his employment when he stopped at his apartment for a personal errand.

Plaintiff responded that Teasley violated Pontiac Ordinance § 114-243, which prohibits a person driving or in charge of a motor vehicle from leaving the vehicle unattended without first stopping the engine, locking the ignition, and removing the key. Plaintiff argued that Teasley's violation of the ordinance constituted negligence per se, or at least evidence of negligence, and that the ordinance was intended to prevent the type of harm that occurred here.

The trial court granted defendants' motion. The court concluded that the Pontiac ordinance did not apply because Teasley left the truck in a residential parking area, not on a public street or highway. The court also concluded that plaintiff failed to establish negligence because Harbin stole the truck and because there was no evidence that Teasley's later pursuit of the truck caused plaintiff's injuries. The court further concluded that Buzzelli and Buzzelli Sales could not be liable under MCL 257.401 because Harbin drove the truck without the owner's consent or knowledge. Finally, the court dismissed plaintiff's respondeat-superior and vicarious-liability claims because there was no underlying negligence to impute and because Teasley was not acting within the scope of his employment. This appeal followed.

II. ANALYSIS

A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(8), courts consider only the pleadings, accept all well-pleaded factual allegations as true, and construe those allegations in the light most favorable to the nonmoving party. *Id*. at 119-120. Summary dis *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020)position under MCR 2.116(C)(8) is proper only when the claim is "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 119 (quotation marks and citation omitted).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim.  *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010).  When reviewing a motion under MCR 2.116(C)(10), this Court considers the evidence submitted by the parties in the light most favorable to the nonmoving party.  *Id*.  Summary disposition is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Id*. at 415-416.  "A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence."  *Id*. at 416.

Issues of statutory interpretation are reviewed de novo.  *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012).  Municipal ordinances are interpreted in the same manner as statutes.  *Bonner v City of Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014).  The goal of interpreting municipal ordinances is to "discern and give effect to the intent of the legislative body.  The most reliable evidence of that intent is the language of the ordinance itself[.]"  *Id*. at 222 (footnotes omitted).

## B.  PONTIAC ORDINANCE § 114-243

Plaintiff argues that the trial court erred by concluding that Pontiac Ordinance § 114-243 applies only to vehicles left unattended on a public street or highway.  We agree.

Pontiac Ordinance § 114-243 provides:

> No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, and removing the key, and when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway.

The trial court read the phrase "curb or side of the highway" as limiting the entire ordinance to vehicles left unattended on a public highway.  That reading is not supported by the text.  The ordinance contains two related but distinct requirements.  First, a person driving or in charge of a motor vehicle may not leave it "unattended without stopping the engine, locking the ignition, and removing the key[.]"  Pontiac Ordinance § 114-243.  Second, when the vehicle is standing on a perceptible grade, the person must "effectively set[] the brake and turn the front wheels to the curb or side of the highway."  Pontiac Ordinance § 114-243.

The phrase "curb or side of the highway" appears in the second requirement, which concerns vehicles standing on a perceptible grade.  It modifies the requirement that the driver turn the front wheels.  It does not modify the earlier requirement that the driver stop the engine, lock the ignition, and remove the key before leaving the vehicle unattended.  This reading is consistent with the last-antecedent rule, under which "a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent[.]"  *Maurer v Fremont Ins Co*, 325 Mich App 685, 700; 926 NW2d 848 (2018) (quotation marks and citation omitted).  Applying that rule here, the phrase "to the curb or side of the highway" modifies the immediately preceding phrase concerning the turning of the front wheels.  It does not limit the entire ordinance to highways.

The broader structure of the ordinance supports this conclusion.  The first portion of the ordinance addresses the risk created when a person leaves a motor vehicle unattended without

stopping the engine, locking the ignition, and removing the key. The second portion addresses the additional risk created when a vehicle is left standing on a grade. Treating the final phrase "curb or side of the highway" as limiting the entire ordinance would collapse those separate requirements and read a limitation into the ordinance that the city of Pontiac did not include. The trial court therefore erred by concluding that Pontiac Ordinance § 114-243 was inapplicable as a matter of law solely because the truck at issue in this case was left in a residential parking area rather than on a public highway.

However, a violation of an ordinance is only evidence of negligence, not negligence per se. *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 350; 941 NW2d 685 (2019). Moreover, an ordinance violation is actionable only if the defendant owed the plaintiff a duty, *id*., and an ordinance violation is relevant to the negligence analysis only if the ordinance was designed to protect against the kind of harm that occurred, *Rakowski v Sarb*, 269 Mich App 619, 628 n 4; 713 NW2d 787 (2006).

Although the record contains no direct evidence of the city's purpose in adopting Pontiac Ordinance § 114-243, our Supreme Court's decision in *Davis v Thornton*, 384 Mich 138; 180 NW2d 11 (1970), is instructive. In *Davis*, the Court considered a similar unattended-vehicle ordinance and concluded that the ordinance was intended to prevent both "the meddlers" and "the consequences of their meddling," including "the threat to life and property posed by a fleeing thief or joyriding youth." *Id*. at 149. The Court held that whether leaving the keys in an unattended vehicle was a proximate cause of the plaintiff's injuries was a question for the jury. *Id*. at 149-150. The same reasoning applies here. Plaintiff was struck by a truck that Teasley allegedly left running and unattended with the keys inside. A reasonable juror could conclude that leaving a running vehicle unattended with the keys inside created the opportunity for theft and that plaintiff's injury was within the class of harms the ordinance was intended to prevent.

Defendants nevertheless rely on *Terry v Detroit*, 226 Mich App 418; 573 NW2d 348 (1997), to argue that Teasley owed no duty because a person generally has no duty to protect others from the criminal acts of a third party. In *Terry*, this Court declined to impose liability on a defendant whose vehicle was stolen and later involved in an accident, reasoning that the defendant did not owe a duty to protect the plaintiffs from the thief's criminal conduct. *Id*. at 426-427.

*Terry* does not require a different result here. In *Terry*, the plaintiffs relied on a common-law duty theory arising from the foreseeability of vehicle theft. Here, by contrast, plaintiff relies on a specific municipal ordinance prohibiting the precise conduct alleged: leaving a motor vehicle unattended without stopping the engine, locking the ignition, and removing the key. And *Terry* itself distinguished *Davis* on the ground that *Davis* involved violation of an unattended-vehicle ordinance. *Terry*, 226 Mich App at 426 n 4. This case, like *Davis*, involves an ordinance directed at unattended vehicles.

Accordingly, the trial court erred by dismissing plaintiff's negligence claim against Teasley on the basis that Pontiac Ordinance § 114-243 did not apply and could not support plaintiff's negligence theory. The ordinance applies to the alleged facts, and violation of the ordinance may constitute evidence of negligence. Whether Teasley breached a duty and whether that breach proximately caused plaintiff's injuries are questions that may not be resolved against plaintiff on the present record as a matter of law.

## C. PLAINTIFF'S CLAIMS AGAINST BUZZELLI AND BUZZELLI SALES

Although the trial court erred by granting summary disposition to Teasley on plaintiff's negligence claim, plaintiff has not shown that the court erred by dismissing his claims against Buzzelli and Buzzelli Sales.

Plaintiff's claims against Buzzelli and Buzzelli Sales rested on two theories: owner liability under MCL 257.401 and derivative liability based on Teasley's alleged negligence. Neither theory supports reversal.

MCL 257.401(1) provides that the owner of a motor vehicle may be liable for injuries caused by the negligent operation of the vehicle. But the statute also provides that "[t]he owner is not liable unless the motor vehicle is being driven with the owner's express or implied consent or knowledge." MCL 257.401(1).

An owner whose motor vehicle is stolen is not liable under MCL 257.401(1). *Caradonna v Arpino*, 177 Mich App 486, 490; 442 NW2d 702 (1989); *Fout v Dietz*, 75 Mich App 128; 254 NW2d 813 (1977). In *Caradonna*, this Court held that an owner was not liable when the vehicle was taken without permission, explaining that the vehicle was "effectively a stolen vehicle at the time of the accident." *Caradonna*, 177 Mich App at 490. In *Fout*, this Court and our Supreme Court likewise concluded that the owner-liability statute did not impose liability when the vehicle was taken without the owner's consent. *Fout*, 75 Mich App at 130; *Fout v Dietz*, 401 Mich 403, 406-407; 258 NW2d 53 (1977).

Plaintiff was injured while Harbin was driving the truck. There is no genuine dispute that Harbin did not have express or implied consent from Teasley, Buzzelli, or Buzzelli Sales to drive it, given that Harbin stole the truck. Although plaintiff argues that Buzzelli Sales consented to Teasley's use of the truck, the relevant question under MCL 257.401(1) is whether the motor vehicle was being driven with the owner's express or implied consent or knowledge when the accident occurred. Here, no evidence supports that Harbin drove the truck with the owner's consent or knowledge. Thus, plaintiff cannot establish owner liability under MCL 257.401(1). The trial court properly dismissed that claim.

Plaintiff also has not shown that the trial court erred by dismissing his respondeat-superior and vicarious-liability claims against Buzzelli and Buzzelli Sales. Under the doctrine of respondeat superior, an employer may be vicariously liable for the negligent acts of its employee if the employee was acting within the scope of employment when the alleged negligent act or omission occurred. *Laster v Henry Ford Health Sys*, 316 Mich App 726, 734; 892 NW2d 442 (2016). An employee acts within the scope of employment when he is "engaged in the service of his master" or "about his master's business." *Hamed v Wayne Co*, 490 Mich 1, 10-11; 803 NW2d 237 (2011) (quotation marks and citation omitted). Conduct undertaken "solely to further the employee's own interests" is outside the scope of employment. *Id*. at 11. "While the issue of whether the employee was acting within the scope of his employment is generally for the trier of fact, the issue may be decided as a matter of law where it is clear that the employee was acting to accomplish some purpose of his own." *Bryant v Brannen*, 180 Mich App 87, 98; 446 NW2d 847 (1989).

Even though Teasley was an employee of Buzzelli Sales, the undisputed evidence shows that he was not acting within the scope of his employment when he left the truck idling and unattended. Teasley was returning the truck when he stopped to pick up groceries and drop them off at his apartment so that he would not have to walk them home in the cold. That errand was personal. Teasley was not making a delivery, performing a task for Buzzelli Sales, or otherwise furthering his employer's business when the truck was stolen. Instead, the stop served Teasley's personal convenience rather than Buzzelli Sales's business.

Since Teasley's alleged negligence occurred while he was engaged in a personal errand outside the scope of his employment, plaintiff cannot establish that Buzzelli or Buzzelli Sales is liable under the doctrine of respondeat superior. Nor has plaintiff identified any separate relationship or theory that would justify imposing vicarious liability apart from respondeat superior. The trial court therefore properly dismissed plaintiff's claims against Buzzelli and Buzzelli Sales.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mariam S. Bazzi
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado