THOMAS v EPPINGA

Docket No. 107776. Submitted June 19, 1989, at Detroit. Decided August 9, 1989. Leave to appeal applied for.

Edna Thomas, the victim of a hit-and-run accident involving an automobile owned by Julie Eppinga but driven by a person who remains unidentified, brought an action in Wayne Circuit Court against Eppinga alleging liability under the automobile owners' liability statute. Defendant moved for summary disposition, contending that she could not be liable since she gave no express or implied consent to the use of her automobile by the driver involved in the accident since that driver had stolen her automobile. Defendant admitted that she had left the automobile unlocked, with its ignition key hidden under the driver's side floor mat, because she had intended for someone to repair the car. In response to the motion, plaintiff contended that defendant could be held liable under general principles of negligence. The court, Roland L. Olzark, J., granted summary disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. Defendant cannot be held liable pursuant to the automobile owners' liability statute since she gave neither express nor implied consent to the use of her automobile by the thief who took the automobile.

2. Under general negligence principles, the owner of an automobile that is stolen while left unlocked and with its key inside may be held liable for injuries to a third person caused by the thief's negligent operation of the automobile where the owner was aware or should have been aware of circumstances that increased the probability that the automobile would be stolen and that the thief was likely to operate it in a negligent manner, thereby causing injury or damage to a third party. In

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 276, 433, 919; Negligence § 333.

Liability for personal injury or property damage caused by unauthorized use of automobile which had been parked with keys removed from ignition. 70 ALR4th 276.

Liability of motorist who left key in ignition for damage or injury caused by stranger operating the vehicle. 45 ALR3d 787.

an action for such owner's negligence, summary disposition in favor of the defendant can properly be made upon a determination that all reasonable men would agree that: (1) the defendant did act as a reasonably prudent man would have acted under the same or similar circumstances; or (2) the plaintiff suffered no injury; or (3) the defendant's negligence did not cause the plaintiff's injury; or (4) the injury caused plaintiff was too insignificantly connected to or too remotely effected by the defendant's negligence. Summary disposition in this case was properly granted in favor of defendant since plaintiff did not allege any facts outside of defendant's hiding her keys in the unlocked automobile to support her claim that defendant was aware or should have been aware of circumstances that increased the probability that her automobile would be stolen and that the thief was likely to operate it in a negligent manner.

Affirmed.

1. AUTOMOBILES — NEGLIGENCE — STOLEN AUTOMOBILES — KEYS LEFT IN AUTOMOBILE.

The owner of an automobile that is stolen while left unlocked and with its key inside may be held liable under general principles of negligence for injuries to a third person caused by the thief's negligent operation of the automobile where the owner was aware or should have been aware of circumstances that increased the probability that the automobile would be stolen and that the thief was likely to operate it in a negligent manner, thereby causing injury or damage to a third party.

2. AUTOMOBILES — NEGLIGENCE — STOLEN AUTOMOBILES — KEYS LEFT IN AUTOMOBILE — SUMMARY DISPOSITION.

Summary disposition in favor of a defendant automobile owner, in an action for negligence brought by a plaintiff who claims injury caused by the operation of the automobile by a thief who stole it, can properly be made upon a determination that all reasonable men would agree that: (1) the defendant did act as a reasonably prudent man would have acted under the same or similar circumstances; or (2) the plaintiff suffered no injury; or (3) the defendant's negligence did not cause the plaintiff's injury; or (4) the injury caused plaintiff was too insignificantly connected to or too remotely effected by the defendant's negligence.

*Thomas A. Stotz,* for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon,*

*Schoolmaster & Taylor* (by *Linda G. Selbst*), and *MacArthur, Cheatham & Acker, P.C.* (by *James G. Gross* and *Dwight R. Robinson*), of Counsel, for defendant.

Before: GRIBBS, P.J., and GILLIS and SULLIVAN, JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order granting defendant's motion for summary disposition. MCR 2.116(C)(10). We affirm.

On August 15, 1985, defendant, who was having problems with her 1976 Pontiac Ventura, drove it to her sister's house in Roseville and left it parked "kitty corner" to the house next door at 8:00 A.M. Defendant left her vehicle unlocked and hid the keys under the driver's side floor mat. Defendant was the only person who knew where the keys were and no one else had keys to the vehicle. Defendant's sister was already in school when defendant left her vehicle. Defendant's brother-in-law drove her to work and she planned on calling someone to look at her car while she was at work.

Defendant was busy at work and failed to call anyone to look at the car. Defendant drove a company car to her sister's house at the end of the day. When defendant arrived at 6:00 P.M., her own car was missing. At that time, defendant's sister was home and defendant's brother-in-law was at work.

Defendant called the police, who told her that they would come out and take a report; however, a few minutes later, the Roseville police called defendant and told her to call the Detroit police because her vehicle had been involved in a hit-and-run accident. When defendant contacted the Detroit police, they told her to file a report with the

Roseville police, which she did. Defendant claimed that her vehicle was stolen.

Defendant's car was totaled and, in fact, defendant's vehicle had been involved in an accident with plaintiff's vehicle at noon. A white male in his early twenties fled from defendant's vehicle after the accident. Defendant's brother-in-law did not fit this description. The thief was never apprehended. Because defendant's vehicle's ignition had not been tampered with, it is assumed that the thief discovered and used defendant's keys.

On April 22, 1987, plaintiff sued defendant, alleging that defendant was liable pursuant to MCL 257.401; MSA 9.2101, because the operator of defendant's motor vehicle was driving it with her express or implied consent or with her knowledge.

Eventually, defendant moved for summary disposition, alleging that her vehicle was stolen and, therefore, there were no genuine issues of material fact to be resolved because she had not given the thief express or implied permission to take her vehicle and the thief had taken her vehicle without her knowledge. Plaintiff responded that, because defendant left her vehicle unlocked and parked on a public street with the keys hidden under the driver's side floor mat, she knew or should have known that she had created a situation which would allow a thief to steal her car and it was foreseeable that the thief would drive the car recklessly. Plaintiff also claimed that defendant's word that her vehicle was stolen was insufficient to rebut the presumption that the vehicle's operator was driving it with her (i.e., the owner's) consent or knowledge where defendant's stolen-vehicle report followed her knowledge of the accident. The trial court granted defendant's motion.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim.

*Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987). In ruling on this motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions, and other documentary evidence. *Id.* The trial court should be liberal in finding a genuine issue of material fact and must give the benefit of any reasonable doubt to the nonmoving party. *Id.* We note that a party opposing a motion brought under subrule (C)(10) may not rest upon the allegations or denials of his pleadings, but must come forward with evidence to establish the existence of a material factual dispute. *Id.* See also MCR 2.116(G)(4). If the nonmoving party fails to establish that a material fact is at issue, the motion is properly granted. *Morganroth, supra,* p 789.

In *Corinti v Wittkopp,* 355 Mich 170; 93 NW2d 906 (1959), the defendant violated an ordinance of the City of Muskegon by leaving the ignition key in her husband's vehicle's ignition. That evening or early the next morning, a juvenile thief with a bad driving record stole the defendant's vehicle. Some time after the thief had taken the defendant's vehicle, the police attempted to stop the thief. In turn, the thief attempted to avoid capture by speeding away and eventually lost control of the vehicle. The vehicle crashed through the plaintiff's fence and into the plaintiff's grape arbor, causing damage. The plaintiff sued the defendant and conceded that the damage did not occur in the act of theft or in the immediate pursuit thereafter.

The trial court held that the damages which resulted from the thief's driving were not a foreseeable result of the defendant's violation of the ordinance and, therefore, granted the defendant's motion to dismiss. *Id.,* p 173.

Our Supreme Court began its analysis by noting that other states had held that a driver of a

vehicle, who left his keys in the ignition, had no duty to protect others from the actions of thieves who stole his car in the absence of a statute or ordinance requiring the driver to remove his ignition key. *Id.* Our Supreme Court also noted that, where a statute prohibited leaving the key in the ignition, most states had held that the theft was an intervening, superseding cause of the plaintiff's harm. The Supreme Court then noted that other states had held that, where the driver had left his key in the ignition contrary to a statute or ordinance and where the plaintiff's injury or damage occurred during the car's theft or immediately thereafter, a jury question was presented as to whether the driver was negligent under the circumstances and whether his violation was a proximate cause of the plaintiff's injuries or damages.

While also noting that such statutes were designed to promote public safety by preventing car theft, our Supreme Court held that the benefit of the statute ran to those whose injury in the act of theft of the car might reasonably be foreseen. *Id.,* p 175. The Supreme Court noted that no case had held that the benefit of the statute ran to one who was injured "hours, days or weeks after the theft." *Id.,* p 176. Our Supreme Court then concluded that the plaintiff was not within the class of persons the ordinance was designed to protect. *Id.*

Almost twelve years later, our Supreme Court decided *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970). Defendant Thornton employed defendant Williams. Williams was driving Thornton's vehicle on Thornton's business. In the evening, Williams parked the vehicle near an intersection of Miami and Beatrice Streets on Detroit's lower southwest side, left the keys in the ignition, failed to lock the doors and may have left the motor running. A group of juveniles stole the car

and eventually crossed the center line striking the plaintiff's vehicle, killing one and injuring five passengers in the plaintiff's vehicle. The plaintiff sued the defendants, claiming they were negligent in leaving the keys in the ignition or failing to turn off the motor and lock the vehicle.

The defendants moved for summary judgment, alleging that the plaintiff had failed to state a claim upon which relief could be granted. The trial judge granted the motion, stating that *Corinti* stood for the proposition that "[a] motor vehicle driver had no duty to protect others from the actions of thieves who steal his car with the use of the driver's own keys . . . ." *Id.,* p 142. Our Supreme Court held that such constraint was not warranted and held:

> A judgment for the defendant, in an action such as this, can properly be made only upon a determination a) that the defendant did act as a reasonably prudent man would have acted under the same or similar circumstances or b) that the plaintiff suffered no injury, or c) the defendant's negligence did not cause the plaintiff's injury, or d) that the injury caused plaintiff was too insignificantly connected to or too remotely effected by the defendant's negligence.
>
> For a proper grant of summary judgment for the defendant, a trial judge must rule that *all* reasonable men would agree on the conclusion of a), b), c), or d) above. [Emphasis in original. 384 Mich 142.]

The Court then held that the trial judge improperly determined that the defendant did not owe the plaintiff a duty and that this conclusion should properly be made only by a jury, unless all reasonable men would agree that the defendant was not negligent. The Court noted that Detroit had an

ordinance prohibiting the operator of a noncommercial motor vehicle from parking the vehicle and leaving it unattended unless the operator first shut off the motor and locked it or some part of it to prevent its starting and operation. The Court held that violation of the ordinance was evidence of negligence and was intended to prevent the threat to society arising from a thief's, inexperienced joyrider's, or child's operation of a motor vehicle. The Court noted that twenty-four percent of stolen vehicles were involved in accidents and that the accident rate for stolen vehicles was nearly two hundred times the normal accident rate. The Court also noted that the key had been left in the ignition or in the car in 42.3 percent of the stolen vehicles. Hence, the Court concluded that it was for the jury to determine whether a reasonable man would not have left his key in the ignition under the circumstances confronted by Williams. *Id.* pp 144-145.

The Court then held that, because reasonable minds could differ as to whether Williams' negligence was not too remote a cause of the plaintiff's injuries, the issue of proximate cause should be left to the jury. Moreover, the Court held that the theft of the vehicle was not an intervening, superseding cause of the plaintiff's injuries because a reasonable person should have realized the likelihood that his negligence would create a situation in which a third person would act negligently. The Court concluded that, under the totality of the circumstances, the trial court improperly granted summary disposition. In so holding, the Court noted *Hergenrether v East,* 61 Cal 2d 440; 39 Cal Rptr 4; 393 P2d 164 (1964), which applied the totality of circumstances test where there was no ordinance involved. Hence, the Court concluded: "In our view, the ordinance in this case is an

affirmation of the common law." *Davis, supra,* p 150, n 8.

In *Hergenrether,* the plaintiffs were injured by the negligent operation of the defendants' motor vehicle which was being driven by a thief. The defendants were employees of a roofing contractor and had been working in the City of Redding, where they had previously worked twice. The defendants had also spent the previous two nights in Redding. After work, the defendants drove to California Street where they were told that they could find cheaper lodging. The defendants parked their two-ton truck, leaving the doors unlocked and the keys in the ignition. Personal property, including a portable radio, was left in the truck's cab; approximately $3,000 worth of roofing equipment, guns and a barrel of gasoline were left in the truck's bed. The defendants spent the evening in the neighborhood, retrieved their personal gear from the truck, and left it parked as before. The truck was stolen and collided with the plaintiffs' vehicle at 1:00 A.M.

The California Supreme Court noted that the owner of a vehicle had a duty to manage it so as not to create an unreasonable risk of harm to others. The court also noted that, when a vehicle owner leaves his car parked, with the keys in the ignition, in a position where it could harm no one, and no harm occurred until it was taken by a thief, the owner's duty would be extended to preventing the action of a third person. The court then held that in the absence of a special relationship between the parties there was no duty to control the conduct of the third person to prevent him from causing harm to others. Hence, the court concluded that while a vehicle owner, who leaves his keys in the ignition, might foresee the risk that a thief would take his vehicle, that alone was

insufficient to create a duty on the part of the owner of the vehicle to protect against injuries to third persons by the thief who drove negligently. Nonetheless, the court held:

> Special circumstances which impose a greater potentiality of foreseeable risk or more serious injury, or require a lesser burden of preventative action, may be deemed to impose an unreasonable risk on, and a legal duty to, third persons. [61 Cal 2d 444.]

Consequently, each case had to be considered on its own facts to determine whether the foreseeable risk of harm was unreasonable so that the driver or owner of the vehicle had a duty to the plaintiff to refrain from subjecting him to such risk.

The California Supreme Court held that special circumstances existed in *Hergenrether* because: (1) California Street was a readily recognizable skid row, populated by lawbreakers and drunks; (2) the defendants intended to park their truck, which contained valuable goods, overnight in such an area; and (3) the defendants' partially loaded two-ton truck was not able to be easily operated by an ordinary individual and was capable of inflicting more serious injury and damage than an ordinary vehicle when not properly controlled.

While very few facts are discussed in *Davis,* we note that the annotations in 45 ALR3d 778, 779 provide the following additional facts: (1) Williams left the keys in the ignition shortly before midnight, (2) the car was not parked in a low-crime area, and (3) the accident occurred at least sixteen minutes and at most ninety-five minutes after the vehicle was stolen.

We note that in *Richards v Stanley,* 43 Cal 2d 60; 271 P2d 23 (1954), in its initial decision in this

area, the California Supreme Court noted that absent a statute an owner of an automobile is under no duty to persons who may be injured by it to keep it out of the hands of a third person in the absence of facts putting the owner on notice that the third person is incompetent to handle it. The court rejected the plaintiff's argument that such a duty should be imposed because such thefts and negligent driving were foreseeable, stating that recognizing such a duty would result in imposing greater liability than is provided by statute when an owner voluntarily entrusts his car to another. The court concluded that, while the defendant increased the risk that her car might be stolen, she had no reason to believe that the thief would be an incompetent driver.

In this case, plaintiff sued defendant under the owners' liability statute. Defendant did not expressly consent to the thief taking her vehicle and she did not have knowledge that he did so. Moreover, we cannot say that defendant impliedly consented to having the thief take her vehicle by leaving the keys hidden under the driver's side floor mat and the door unlocked. See *Caradonna v Arpino,* 177 Mich App 486; 442 NW2d 702 (1989); *Fout v Dietz,* 75 Mich App 128; 254 NW2d 813 (1977), aff'd 401 Mich 403; 258 NW2d 53 (1977). Instead, we believe that the issue must be resolved by reference to the general rules of negligence.

On appeal, plaintiff argues that defendant was negligent and that a jury issue is presented, citing *Davis.* Defendant responds that *Davis* is factually distinguishable. Because plaintiff did in fact raise the negligence issue in response to defendant's motion for summary disposition, we will address it.

We begin by noting that there are several ways to interpret *Davis.* 1971 Annual Survey of Michigan Law, 18 Wayne L R 1, 511-516 (1972). Having

reviewed *Moning v Alfono,* 400 Mich 425; 254
NW2d 759 (1977), reh den 401 Mich 951 (1977), we
do not believe that *Davis* forecloses the possibility
of granting summary disposition in this case.

We note that plaintiff does not claim that defen-
dant violated any statute or ordinance. We agree
with defendant that leaving the keys in the igni-
tion of an unlocked vehicle is a greater invitation
to theft than leaving the vehicle unlocked and
concealing the keys therein. Here, defendant
parked her nine-year-old vehicle at 8:00 A.M. in an
apparently residential neighborhood. She hid the
key from view and left the door unlocked. Defen-
dant's reason for leaving the keys in the car was
that she planned to call to have someone repair it.

Plaintiff does not allege any facts outside of
defendant's hiding her keys in an unlocked vehicle
to support her claim that defendant was aware or
should have been aware of circumstances that
increased the probability that her car would be
stolen and that the thief was likely to operate it in
a negligent manner, thereby causing injury or
damage to a third party. See and compare *Illinois
Farmers Ins Co v Tapemark Co,* 273 NW2d 630
(Minn, 1978), where the court applied the special
circumstances test and held that summary judg-
ment was improper when a driver of the vehicle
may have been aware that young people were
loitering in a public parking lot at the time he
removed his golf clubs from a new car, openly
tossed his keys in the trunk, and left his vehicle
and glove compartment unlocked when his trunk
could be opened by pushing a button in the glove
compartment; *Hill v Yaskin,* 75 NJ 139; 380 A2d
1107 (1977), where the court applied general negli-
gence principles and held that summary judgment
was improperly granted where the vehicle's owner,
a monthly customer, knew that a parking-lot at-

tendant would leave the key to her unlocked vehicle under the floor mat after 5:00 P.M. when her vehicle may have been stolen twice before, she was aware that she was in a high-crime area and she had an extra set of keys in her possession, thereby allowing the attendant the opportunity to lock her vehicle. Given the circumstances in this case, we hold that summary disposition was properly granted.

Affirmed.