**John MCELWEE, Plaintiff–Appellant,**

v.

**Gary WHARTON; Hazel Wharton; Omni Communications; Omco, Inc., a Michigan Corporation, Defendants–Appellees.**

No. 00–1186.

United States Court of Appeals, Sixth Circuit.

March 23, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN,\* District Judge.

OPINION

PER CURIAM.

Plaintiff–Appellant John McElwee filed the instant diversity action against Defendants–Appellees Gary Wharton, Hazel Wharton, Omni Communications, and Omco, Inc., alleging, *inter alia*, fraud, breach of contract, breach of implied-in-

---

\* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

fact contract, breach of the duties of good faith and fair dealing, tortious interference with business expectancy, and violation of Michigan's statute prohibiting covenants not to compete, see Mich. Comp. Laws Ann. § 445.761 (West 1969) (repealed effective March 29, 1985). Following a four-day bench trial, the district court found that Plaintiff was entitled to one dollar in nominal damages with respect to his claim for breach of contract and $9,564.47 with respect to his claim for breach of implied-in-fact contract. The district court rejected all of Plaintiff's remaining claims on the grounds that he failed to prove causation of damages.

■ Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are persuaded that the district court's disposition of this case was entirely correct. Plaintiff is right to point out that, under Michigan law, he is not required to prove that Defendants' contractual breach, statutory violation, tortious interference, or fraud were the sole causes of his alleged damage. See Hagerman v. Gencorp Automotive, 457 Mich. 720, 579 N.W.2d 347, 352 n. 6 (Mich.1998) (acknowledging the possibility of concurrent proximate causes and rejecting the notion that some factor must be the sole proximate cause); Allen v. Owens–Corning Fiberglass Corp., 225 Mich.App. 397, 571 N.W.2d 530, 533 (Mich.App.1997) ("A jury may consider evidence of contributing factors to determine which, if any, were substantial factors in causing plaintiff's injury."). Indeed, Michigan law is clear that when multiple factors contribute to a plaintiff's injury, liability may be imposed when a defendant's conduct was a substantial factor in causing the injury. See Terry v. City of Detroit, 226 Mich.App. 418, 573 N.W.2d 348, 355 (Mich.App.1997).

■ The record does not indicate, however, that the district court applied the incorrect causation standard to Plaintiff's

tort, contract, and statutory claims. Moreover, the district court's factual findings do not support Plaintiff's central premise that the Defendant–Omco's misconduct was a substantial factor in Riverside/World's decision not to hire Plaintiff. To the contrary, the district court consistently found that Riverside/World based its decision not to hire Plaintiff on reasons independent from Omco's contractual restrictions on Plaintiff's employability. While it is true that the district court heard testimony that Defendants' misconduct was the "first or third most important factor" in Riverside/World's decision not to hire Plaintiff, the district court also heard testimony indicating that World's vice-president disliked and could not work effectively with Plaintiff, and that Riverside/World believed that hiring Plaintiff would have been contrary to the company's new sales strategy. Though Plaintiff does not contend that the district court's factual findings are clearly erroneous, he nevertheless attempts to bolster his causation argument with factual allegations contrary to the findings of the district court. The district court's unchallenged factual findings, including findings as to proximate cause, see Meek v. Dep't of Transp., 240 Mich.App. 105, 610 N.W.2d 250, 256 (Mich.App.2000), are binding on this Court. See Osborn v. Sinclair Refining Co., 286 F.2d 832, 834 (4th Cir.1960) (noting that where factual findings are not contested on appeal, the reviewing court is concerned only with the legal conclusions to be drawn from them). Because Plaintiff's assertion that the district court applied an incorrect "sole cause" causation standard has no foundation in the record, we reject Plaintiff's argument as to causation of injury. See Grover Hill Grain Co. v. Baughman–Oster, Inc., 728 F.2d 784, 793 (6th Cir.1984) (holding that a district court's findings under Rule 52(a) are to be liberally construed

in support of the district court's judgment).

The district court having carefully analyzed the facts and the law, we find that the issuance of a detailed written opinion by this Court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is AFFIRMED upon the reasoning of that court in its written opinion filed January 19, 2000.